IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| EURKERT BOARDLEY AND SENTA BOARDLEY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HOUSEHOLD FINANCE CORPORATION III AND HSBC HOLDINGS INC., PLC,<br><br>　　　　Defendants. | Civil Action No. 8:12-cv-03009-JFM |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiff submits this response to Defendant's opposition to their motion for leave to file a Third Amended Complaint. In the interest of brevity, Plaintiffs will not recount the legal standard for allowing a party leave to amend the complaint, other than to stress that leave to file amended pleadings "shall be freely given when justice so requires." Fed. Rule Civ. Proc. Rule 15(a)(B); Foman v. Davis, 371 U.S. 178, 182 (1962), and that courts in this circuit and in others have permitted parties to amend their pleadings in order to comply with guidance or advice from the court.[1] Defendants do not address the fact

---

[1] See Menasco, Inc. v. Wasserman, 886 F. 2d 681 (4th Cir. 1989) (plaintiffs permitted to amend complaint in light of guidance from new case law); Lytle v. Brewer, 77 F.Supp.2d 730 (E.D.Va. 1999); Lytle v. Doyle, 197 F.Supp. 2d 481 (E.D.Va. 2001) (court grants plaintiffs an opportunity to amend their complaint in accordance with court's guidance regarding the proper defendant); and Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048 (9th Cir. 2003) (A Ninth Circuit court found that the district court erred in denying plaintiffs leave to amend where "plaintiffs were endeavoring in good faith... to comply with court guidance...").

that Plaintiffs amendments were largely made in accordance with feedback from the Court as provided in the Memorandum Opinion issued on August 14, 2014, and Plaintiffs would ask the Court to recognize this deference to its guidance when considering the Motion for Leave to File.

**1. The Amendments to Count I (RESPA) Are Not Futile**

Defendants assert that, because the Court found that it appeared that the responses to the QWRs were sufficient under § 2605(e)(2)(B), then any amendment to the contrary is futile. However, Plaintiffs' proposed amendments address the Court's findings and further clarify the failures inherent in the responses. The amendments demonstrate that while Defendants may have produced some sort of response to Plaintiffs' QWRs, they clearly did not even attempt to perform the requisite investigation beforehand. In other words, the Defendants only paid the requests lip service at best, and a jury could certainly find under the facts of the amended complaint that the responses were inadequate.

Defendants claim that the amendment would be futile because the failure to provide an escrow statement in this case is not a violation of Regulation X. Defendants first argue that there is no private right of action available under § 2609, implying that Plaintiffs are attempting to bring a private action under that claim. However, Plaintiffs specifically "delete[d] the portion of Count I this Court dismissed because of the lack of a private right of action under § 2609, in acknowledgement of the ruling on its futility." Motion for Leave to Amend at 7. Any

remaining references to § 2609 are merely available for the Court's reference in determining other claims.

Defendants also claim that servicers are not required to provide annual escrow statements to borrowers in default under 12 CFR 1024.17(i)(2). Plaintiffs submit that it would be inequitable to enforce this provision in this case against them, as they would not have been in default and would have continued making payments on time had the Defendants be forthcoming and honest with information, and had the Defendants properly applied the payments that they did receive. Allowing the Defendants to shield themselves from the consequences of harmful acts towards the Plaintiffs through those same acts is both inequitable and against the spirit a consumer protection statute like RESPA. Plaintiffs should be permitted to bring this claim even if they were in default at the time, because it was Defendants' deceptive and wrongful acts and statements that caused that default in the first place.

**2. The Amendments to Count II (TILA) Are Not Futile**

Defendants mischaracterize why Plaintiffs included amendments regarding Defendants' general failure to communicate or respond to qualified written requests. Plaintiffs include this language not to support the TILA cause of action substantively, but to demonstrate that the Plaintiffs' TILA claims were subject to the equitable tolling doctrine under Maryland law, and thus that Plaintiff should be permitted to bring them despite the fact that the statute of limitations ran. It is not necessary for the wrongdoing that triggers equitable tolling to be of the same nature or policed under the same

statutory scheme as the underlying cause of action. The Court should not prohibit the introduction of facts establishing tolling simply because they are not illegal under TILA. Amendment should be permitted.

3. **The Amendments to Counts IV, V, and VII (Common Law Claims for Negligence, Negligent Supervision, and Fraudulent Concealment) Are Not Futile**

Defendants assert that "Plaintiff's conclusory allegations that Household 'received a greater economic benefit from the transaction other than the normal mortgage' do not establish a 'special circumstance' sufficient to create a fiduciary obligation. Defendants then go on to describe a case in which a court found that a defendant bank received a direct economic benefit via the fraud of a depositor it otherwise would not have and assumed a duty thereby. Parker v. Columbia Bank, 604 A.2d 521 (Md. Ct. Spec. App. 1992) The implication in this argument is that this particular circumstance is the only way to establish that a bank received a greater-than-normal economic benefit is under circumstances that closely track those under Parker. However, Parker merely presents one situation in which a special circumstance was found. Plaintiff submits that if special circumstances arise where a bank received a benefit at the expense of their customer through the fraud of a depositor, then those same circumstances should certainly arise where a bank receives a benefit at the expense of the depositor through their own fraud.

Furthermore, Defendants mischaracterize the nature of Plaintiffs' claims against them, stating that the payment obligations were set by the of the loan documents.

Plaintiffs contend that, among many other wrongdoings, Defendants, through misrepresentations and omissions of fact, coerced Plaintiffs to sign loan documents that no reasonable consumer in their position would have signed in the course of a normal mortgage. While Plaintiffs' admit that making payments of principal and interest against a loan are part of a normal mortgage, they do not believe that being tricked into taking an unfavorable mortgage under promises that the payments would later be lowered is a normal or acceptable way of doing business.

### 4. The Amendments to Count VI (Fraud) Are Not Futile

First, Defendants claim that any allegations related to actions prior to 2010 are time-barred by the applicable statute of limitations, as discussed in the Memorandum Opinion issued in this case on August 14, 2014. However, Defendants fail to address the Plaintiffs' tolling argument raised in the Amended Complaint, which outlines how Plaintiffs were effectively prevented from bringing their claims against Defendants within the statute of limitations by Defendants' own deceptive and misleading acts and statements. Third Amended Compl. at ¶ 11 . Under the doctrine of equitable tolling, a defendant cannot raise a statute of limitations defense against a claim when they themselves are responsible for the plaintiff's inability to file in a timely manner. Since Defendants do not address this argument, Plaintiffs request that the Court disregard their assertion that the claims are time-barred.

Defendants also allege that Plaintiffs failed to plead the time, place, and contents of the false statements made to them by Defendants' representatives, thus failing to

meet the heightened pleading standard under Rule 9(b). However, Plaintiffs do so at ¶¶ 14, 25, 26, 33, 34, 36, 37, 38 and 60 of the Third Amended Complaint. With regards to proving intent to defraud the Plaintiffs, Defendants appear to demand nothing less than a note or email, written by their representatives, in which they brag about how they intend to extort money from the Plaintiffs. A party need not produce a "smoking gun" piece of evidence, which clearly and concisely lays out a person's intent to defraud another. Instead, "a legal inference of fraud is permissible from the conduct of the parties, without regard to their intent." Sisk et al. v. Garey, 27 Md. 401 (1867). Fraud is not a single fact but a conclusion to be drawn from all of the circumstances of the case. Brogden v. Walker's Ex'r, 2 Har. & J. 285 (1805); Green v. Lombard, 28 Md.App. 1, 12, 343 A.2d 905 (1975); Fuller v. Horvath, 402 A.2d 134, 142 (1979). Plaintiffs submit that the Third Amended Complaint raises enough facts regarding false statements made to Plaintiffs and the economic benefit that Defendants enjoyed as a result to support a legal inference of fraud.

### 5. Defendants Fail to Raise any Cognizable Objection to the Amendments to Count III (MCPA), Which Are Not Futile

Defendants' characterize Plaintiffs' amendments to Count III as unnecessary. However, these amendments have been included to further catalogue the list of unfair and deceptive practices that Defendants engaged in during their course of dealing with the Plaintiffs, and could not be fairly considered "unnecessary." Defendants' conduct violated the MCPA as well as the other counts in the

complaint, and Plaintiffs' deemed it proper to seek relief under the MCPA as well as the other statutes. Defendants do not claim that the amendments are futile, that there is any dilatory motive, or that amendment would cause the Defendants prejudice. Thus, there is no legitimate reason to deny amendment on this Count.

**6. Any Mention of Claims Regarding the ECOA, the FHA or the Civil Rights Act In the Third Amended Complaint are the Result of a Drafting Mistake, and Should be Ignored**

Finally, Defendants note that there are references to the Equal Credit Opportunity Act, the Fair Housing Act, and the Civil Rights Act in the Third Amended Complaint. These references are remnants from a previous draft created before the Plaintiffs elected to remove claims under those laws, and Plaintiffs' counsel apologizes for the mistake and ask the Court to ignore all references to these laws.

DATED: November 10, 2014

                                              Respectfully submitted,

                                                        /s/
                                              Tyler Jay King, Esq.
                                      Franklin Square Law Group
                                      1225 Eye St. NW, Ste. 602
                                            Washington, DC 20005
                                                 (202) 779-9711

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has, this October 8, 2014, been sent via the Court's electronic filing system to the following:

ATTN: Andrew K. Stutzman (No. 29666)
 Zeenat A. Iqbal (No. 18267)
 Stradley Ronon Stevens & Young, LLP 1250

Connecticut Avenue, N.W., Suite 500  
Washington, DC 20036  
*Attorneys for Defendants, Household Finance Corporation, III and HSBC Holdings, Inc., PLC*

                                        Respectfully submitted,

                                                     /s/  
                                          Tyler Jay King, Esq.