IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **EURKERT BOARDLEY**, *et al.*, | * |
| Plaintiffs, | * |
| v. | *     Case No.: PWG-12-3009 |
| **HOUSEHOLD FINANCE CORPORATION III**, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Eurkert Boardley and Senta Boardley's complaint in this suit, which challenges the actions of Defendants Household Finance Corp. III ("Household") and HSBC Holdings Inc., plc ("HSBC") with regard to the loan agreement through which Plaintiffs financed their home, has been through three iterations and been pared down from thirteen counts to two properly pleaded counts. Plaintiffs seek leave to amend for a third time to reintroduce seven of the claims dismissed in the August 14, 2014 Memorandum Opinion and Order, ECF Nos. 36 & 37.[1] ECF No. 42. Because Plaintiffs already have had two opportunities to correct any deficiencies in their pleadings, I will deny their request as to all but one claim, for the reasons discussed below.[2]

Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, the Court should deny leave to

---

[1] I discussed the facts at length in that Memorandum Opinion and will not restate them now.

[2] The parties fully briefed the motion. ECF Nos. 42, 43, 44. A hearing is not necessary. *See* Loc. R. 105.6.

amend if doing so "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). Notably, for purposes of this case, "repeated failure to cure deficiencies by amendments previously allowed" also is a reason to deny leave to amend. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Here, Plaintiffs filed their first Motion for Leave to Amend, ECF No. 17, in response to Defendants' first Motion to Dismiss, ECF No. 11, which alerted Plaintiffs to possible deficiencies in their pleadings. Indeed, Plaintiffs repeatedly stated that the motion to amend incorporated "the facts and arguments in the Opposition to Defendants' Motion to Dismiss." Pls.' First Mot. to Am. 2, 3, 4. Additionally, they specifically asked to amend to "cure deficiencies pertaining to Defendants' arguments about pleading an enterprise and racketeering activity," and asserted three times that the amendments were not futile because "they serve[d] to cure any alleged deficiency of pleading posed by vagueness." *Id*. at 4.

After I granted Plaintiffs' first motion to amend, ECF No. 20, Plaintiffs filed their Amended Complaint, ECF No. 21, and Defendants moved to dismiss the Amended Complaint, ECF No. 24. Plaintiffs filed their second Motion for Leave to Amend, ECF No. 33, again to address deficiencies specifically identified in Defendants' motion to dismiss. As in their first motion to amend, Plaintiffs contended that the proposed amendments "serve[d] to cure any alleged deficiency of pleading posed by Defendants" and "to clarify the violations." *Id*. at 2, 3; *see also id.* at 2 ("The proposed amendments [were] made in good-faith in response to alleged deficiencies in pleading proffered by Defendants."). And, once again, Plaintiffs incorporated

"the facts and arguments in the Opposition to Defendants' Second Motion to Dismiss." *Id*. at 2, 3. I granted that motion in part and denied it in part as futile. Aug. 14, 2014 Order 1.

Now, Plaintiffs seek leave to amend for a third time, insisting that they "are endeavoring in good faith to comply with guidance from this court as indicated in its memorandum opinion issued August 14, 2014, pertaining to Defendants' motion to dismiss." Pls.' Third Mot. to Am. 3. Citing *Foman*, 371 U.S. at 182, Plaintiffs acknowledge that the Court may "deny an amendment where there has been undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies by amendments previously allowed; where allowing amendment would cause undue prejudice to the opposing party; or where the amendment would be futile." *Id.* Yet, when they "submit that none of the factors listed under *Foman* . . . are present here," they acknowledge only "undue delay, dilatory motive, bad faith, undue prejudice, or futility." *Id.* Tellingly lacking is the very reason why this motion to amend must be denied: "repeated failure to cure deficiencies by amendments previously allowed." *See Foman*, 371 U.S. at 182.

Plaintiffs have had two previous opportunities to amend, in response to alleged deficiencies identified by Defendants, and they only succeeded in curing one deficient claim, the alleged violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq*. There must come a time in a lawsuit when a party, having had prior opportunities to amend to address pleading deficiencies identified by the Court or adverse party, must proceed with the claims that have withstood challenge. Otherwise, the issues would never be joined, discovery would remain open indefinitely, and, like the common law pleaders of former times, the suit would devolve into an endless series of complaints, demurrers, and responsive complaints. There is a reason why modern rules of pleading rejected the practices of former times, and in this case, the Plaintiff has had more than a fair opportunity to draft a viable

complaint. For this reason, Plaintiffs' pending motion to amend is denied insofar as Plaintiffs seek leave to amend any claim other than the MCPA claim. *See Foman*, 371 U.S. at 182; *see also Kiraly v. Bd. of Educ. of Prince George's Cnty.*, No. DKC-11-2845, 2013 WL 4495792, 3 (D. Md. Aug. 20, 2013) ("[I]n permitting Plaintiff leave to file her second amended complaint, the court provided a detailed account of the pleading requirements for the claims she attempted to raise. Plaintiff's counsel failed to take advantage of that opportunity, however, and there is no reason to believe that a different result would obtain upon the filing of a third amended complaint."). Inasmuch as Plaintiffs' proposed amendments to the MCPA claim appear to be made in good faith and do not appear to prejudice Defendants or to be futile, Plaintiffs' motion is granted as to those limited amendments. *See Foman*, 371 U.S. at 182.

## ORDER

Accordingly, it is, this 1st day of June, 2015, hereby ORDERED that

1. Plaintiffs' Motion for Leave to Amend, ECF No. 42, IS GRANTED IN PART AND DENIED IN PART.  Plaintiffs may amend their MCPA claim only.

2. **A Rule 16 conference call IS SCHEDULED for Tuesday, June 23, 2015, at 1:00 p.m.  Plaintiffs' counsel shall initiate the call to my chambers.**

The Scheduling Order and Discovery Order are attached to this Memorandum Opinion and Order.

Dated: June 1, 2015                                                /S/
                                                                                Paul W. Grimm
                                                                                United States District Judge

lyb